# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| JULIE A. SU,<br>Acting Secretary of Labor,<br>United States Department of Labor,<br><br>     Petitioner,<br><br>v.<br><br>LAW OFFICES OF DAVID STOLLER, PA,<br>     Respondent. | MISC Case No.<br><br><br><u>**TIME SENSITIVE**</u> |

## THE ACTING SECRETARY OF LABOR'S PETITION TO ENFORCE ADMINISTRATIVE SUBPOENA *DUCES TECUM*

COMES NOW Petitioner Julie A. Su, the Acting Secretary of Labor, United States Department of Labor (the "Acting Secretary") and petitions this Court to compel Respondent Law Offices of David Stoller, PA ("Respondent") to produce the documents requested by the Employee Benefits Security Administration's ("EBSA") administrative subpoena *duces tecum*. The Acting Secretary asks that this petition be treated as time sensitive "to avoid delays that might paralyze an agency's ability to investigate." *Federal Elections Comm'n v. Florida for Kennedy Comm.*, 681 F.2d 1281, 1284 (11th Cir. 1982). Respondent's refusal to provide basic documents related to its ERISA-covered plan has stymied EBSA's authorized investigation.

In support of this Petition, the Acting Secretary shows as follows:

## JURISDICTION AND VENUE

1. This Petition is brought to compel Respondent to comply with an administrative subpoena *duces tecum* issued by the Regional Director of the Atlanta Regional Office of EBSA (the "ARO") to Respondent on June 21, 2023 (the "Subpoena").

2. The Subpoena was issued as part of an investigation of Law Offices of David Stoller 401k Plan (the "401k Plan"), pursuant to § 504(a)(1) of the Employment Retirement Income Security Act of 1974 ("ERISA" or the "Act"), 29 U.S.C. § 1134(a)(1). (*See* Decl. of Auditor Tyrone Robertson ("Robertson Decl.") ¶ 8 & Ex. D; Decl. of Supervisory Investigator Kim Langer ("Langer Decl.") ¶ 5).

3. EBSA's Miami District Office ("Miami Do") served the Subpoena on Law Offices of David Stoller Partner, David Stoller ("Stoller"), via USPS certified mail and email on June 21, 2023. (Robertson Decl. ¶ 9 & Exs. E & F).

4. This Court has subject matter jurisdiction over this Petition pursuant to Section 9 of the Federal Trade Commission Act, 15 U.S.C. § 49, as made applicable by Section 504(c) of ERISA, 29 U.S.C. § 1134(c), and pursuant to ERISA Section 502(e)(1), 29 U.S.C. § 1132(e)(1).

5. Respondent is a Florida corporation with its principal place of business at 4445 South Conway Road, Orlando, Florida in Orange County. Accordingly,

venue is proper in the Middle District of Florida pursuant to Section 502(e), 29 U.S.C. § 1132(e)(2).

## EBSA'S INVESTIGATION AND ISSUANCE OF THE SUBPOENA

6. In October 2022, the Miami DO opened an investigation into the 401k Plan to determine whether any person has violated, or was about to violate, any provision of Title I of ERISA or any regulation or order promulgated thereunder with regards to the Plan (the "Investigation"). (Robertson Decl. ¶ 3; Langer Decl. ¶ 3).

7. Respondent is the plan sponsor of the 401k Plan, which is an employee pension benefit plan covered under Section 3(2) of ERISA, 29 U.S.C. § 1002(2). (Robertson Decl. ¶ 3; Langer Decl. ¶ 3).

8. As part of the Investigation, on June 21, 2023, Mark Seidel, Acting Regional Director for the Atlanta Regional Office, issued the Subpoena to Respondent pursuant to the authority provided by Section 504(c) of ERISA, 29 U.S.C. § 1134(c). (Robertson Decl. ¶ 5 & Ex. A; Langer Decl. ¶ 5).

9. The documents sought in the Subpoena are documents routinely requested by EBSA in investigations to evaluate an employer's coverage under, and compliance with, the Act. Without the requested documents, EBSA is unable to discharge its statutory obligation to investigate and determine whether violations have occurred. (Robertson Decl. ¶¶ 16–17; Langer Decl. ¶¶ 10–11).

10. On June 21, 2023, Auditor Robertson served the Subpoena by USPS certified mail and by email to Stoller. (Robertson Decl. ¶ 9 & Exs. E & F). The email address used is the same email address listed for Stoller on the Florida Bar Association website. (*Id.* at ¶ 13 & Ex. I).

11. The Subpoena directed a custodian of records for Respondent to appear before EBSA on July 7, 2023, at 9:00 am and produce certain documents. (*See* Ex. D to Robertson Decl. at 1). The Subpoena noted, however, that Respondent would be excused from appearing before EBSA if it provided the requested documents prior to the July 7th deadline. (*Id*. at 2).

**RESPONDENT'S FAILURE TO COMPLY WITH THE SUBPOENA**

12. By September 2023, Auditor Robertson still had not received any responsive documents or communication from Respondent. (Robertson Decl. ¶ 12).

13. On September 13, 2023, Investigator Melanie Margolies and Auditor Robertson went to Law Offices of David Stoller's location at 730 East Strawbridge Ave, Suite 200, Melbourne, Florida 32901. (*Id*. at ¶ 11). Margolies and Robertson spoke with Gigi King, the office manager for Morgan & Barbary P.A, who confirmed that Stoller rents office space from Morgan & Barbary and works at the Melbourne location every other Friday. (*Id.*). Margolies and Robertson left a copy of the Subpoena with King (*Id.* & Ex. G). While Margolies and Robertson were on

the premises, King faxed the Subpoena to Law Offices of David Stoller's Orlando location. (*Id.*).

14. Investigator Margolies and Auditor Robertson also went to Law Offices of David Stoller's Orlando location on September 13, 2023. (*Id.* at ¶12). Margolies and Robertson served the Subpoena on Stoller's receptionist, Maria Erazo. (*Id.* & Ex. H). Erazo went to the back of the office to speak to Stoller; however, he declined to speak to Margolies and Robertson. (*Id.*). After they left the Orlando location, Stoller contacted the Miami DO requesting to speak to a supervisor. Supervisory Investigator Kim Langer spoke with Stoller, who confirmed that he received all of EBSA's correspondence via mail and email. (Langer Decl. ¶ 7).

15. On March 4, 2023, the undersigned counsel sent a letter to Stoller regarding Respondent's continued failure to comply with the Subpoena. (Decl. of Alessandra T. Palazzolo ("Palazzolo Decl.") ¶¶ 3–4 & Ex. A). The letter noted that the Department of Labor's Office of the Solicitor may seek judicial enforcement of the Subpoena if Respondent did not comply. (*Id.* ¶ 6 & Ex. A).

16. Respondent did not respond to the Acting Secretary's March 4th letter. (Palazzolo Decl. ¶ 7).

17. To date, EBSA has not received any documents responsive to the Subpoena from Respondent, despite its diligent efforts to secure Respondent's compliance. (Robertson Decl. ¶ 14; Langer Decl. ¶ 8).

18. Respondent's refusal to produce the documents requested by the Subpoena has significantly delayed and hindered EBSA's investigation. *See* Robertson Decl. ¶ 17; Langer Decl. ¶ 11. Respondent's full compliance with the Subpoena is thus necessary so that EBSA can move forward with its investigation. *See* Robertson Decl. ¶ 17; Langer Decl. ¶ 11.

### THE COURT SHOULD ISSUE AN ORDER TO SHOW CAUSE IN LIEU OF TRADITIONAL SERVICE OF PROCESS

19. Federal Rule of Civil Procedure 81(a)(5) recognizes the applicability of the Federal Rules of Civil Procedure to subpoena enforcement actions brought by the United States "except as otherwise provided by statute, by local rule, or by court order in the proceedings."

20. Under Eleventh Circuit precedent, Rule 81 "permits a district court to modify the application of the civil rules in a subpoena-enforcement proceeding," including using a show cause order to notify a party of the proceedings against them, rather than a traditional summons. *See U.S. v. Elmes,* 532 F.3d 1138, 1139 (11th Cir. 2008).

21. The limited scope of judicial proceedings to enforce subpoenas is designed "to avoid delays that might paralyze an agency's ability to investigate." *Federal Elections Comm'n,* 681 F.2d at 1284.

22. The agency seeking to enforce the subpoena can make a *prima facie* showing of its enforceability based only on the declaration of a government official;

therefore, it follows that a court may properly issue a show cause order prior to service of the petition on the respondent. *SEC v. Marin*, 982 F.3d 1341, 1352 (11th Cir. 2020) (Investigator's subpoena can satisfy *prima facie* burden for enforcement).

23. Here, the Acting Secretary has attached the declarations of EBSA Auditor Tyrone Robertson, Supervisory Investigator Kim Langer, and Attorney Alessandra T. Palazzolo to the Petition, all attesting to facts supporting the enforceability of the Subpoena. These declarations satisfy the *prima facie* burden for enforcement, such that the Court may immediately issue the requested show cause order.

## PRAYER FOR RELIEF

WHEREFORE, the Acting Secretary prays that this Court immediately enter an Order:

1. Directing Respondent to appear before the Court through counsel, at a time and place to be fixed by the Court, to **Show Cause**, if any, why it should not be required to produce all items and documents listed and described in the Subpoena; and

2. Allowing the Acting Secretary's duly-appointed representative to provide Respondent with the Court's Show Cause Order, along with the Acting Secretary's Petition and supporting Memorandum, by hand-delivering these documents within a time certain to Respondent's Orlando office.

Submitted this 13th day of March, 2024.

| | |
|---|---|
| Office of the Solicitor<br>U. S. Department of Labor<br>61 Forsyth Street, S.W.<br>Room 7T10<br>Atlanta, GA  30303<br>Telephone:  (404) 302-3902<br>Facsimile:  (404) 302-5438 | SEEMA NANDA<br>Solicitor of Labor<br><br>TREMELLE I. HOWARD<br>Regional Solicitor<br><br>LYDIA J. CHASTAIN<br>Acting ERISA Counsel<br>chastain.lydia.j@dol.gov<br><br>*/s/ Alessandra T. Palazzolo*<br>ALESSANDRA T. PALAZZOLO<br>Trial Attorney<br>palazzolo.alessandra.t@dol.gov |
| SOL Case No. 24-00188 | atl.fedcourt@dol.gov |