# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| JULIE A. SU, <br> Acting Secretary of Labor, <br> United States Department of Labor, <br><br>        Petitioner, <br><br>    v. <br><br> LAW OFFICES OF DAVID <br> STOLLER, PA, <br>       Respondent. | MISC Case No. <br><br><br><br> **<u>TIME SENSITIVE</u>** |

## <u>MEMORANDUM IN SUPPORT OF PETITION TO ENFORCE ADMINISTRATIVE SUBPOENA *DUCES TECUM*</u>

Over eight months after receiving the Employee Benefits Security Administration's ("EBSA") properly issued administrative subpoena duces tecum (the "Subpoena"), Respondent Law Offices of David Stoller, PA has not produced a single responsive document. Petitioner Julie A. Su, the Acting Secretary of Labor, United States Department of Labor (the "Acting Secretary"), therefore submits this petition requesting the Court to compel Respondent to comply with the Subpoena issued by EBSA on June 21, 2023 and submits this memorandum in support of her request.

The documents sought by the Subpoena are relevant and necessary to the Acting Secretary's investigation of potential violations of the Employee Retirement Income Security Act of 1974 ("ERISA" or the "Act") by Respondent with regards

to the Law Offices of David Stoller 401k Plan. Respondent's continued failure to provide *any* documents is obstructing the Acting Secretary's proper exercise of her lawful authority and responsibility to enforce and administer the provisions of the Act. As explained below, this Court should grant the relief sought in the Acting Secretary's Petition because: (1) EBSA is authorized to investigate potential violations of Title I of ERISA and issue subpoenas in conjunction with such investigations; (2) the Subpoena's requests are not indefinite nor overbroad; (3) the Subpoena seeks information reasonably relevant to the authorized inquiry; and (4) Respondent cannot carry its heavy burden to show the Subpoena is an abuse of process or imposes an undue burden. Accordingly, the Court should immediately issue a Show Cause Order against Respondent to be served, along with the petition and exhibits, on Respondent consistent with binding Eleventh Circuit precedent.

## I. FACTUAL BACKGROUND

Respondent is a Florida corporation with its principal place of business at 4445 South Conway Road, Orlando, Florida in Orange County.[1] Respondent is the plan sponsor for the Law Offices of David Stoller 401k Plan (the "401k Plan").

---

[1] *See Detail by Entity Name – LAW OFFICES OF DAVID STOLLER, PA*, SUNBIZ.ORG DIVISION OF CORPORATIONS, https://search.sunbiz.org/Inquiry/CorporationSearch/ByName (search in search bar for "Law Offices of David Stoller, PA") (last visited March 5, 2024). This Court may take judicial notice of the Florida Department of State records regarding Respondent. *See e.g., Henkle v. Cumberland Farms,* No. 16-cv-14248-MIDDLEBROOKS, 2017 WL 5634947, at *3, n.10 (S.D. Fla. June 15, 2017) (taking judicial notice of companies' state of incorporation and principal place of business as listed on the Florida Department of State's business registry).

(Decl. of Auditor Tyrone Robertson ("Robertson Decl.") ¶ 3; Decl. of Supervisory Investigator Kim Langer ("Langer Decl.") ¶ 3). The 401k Plan is an ERISA-covered employee pension benefit plan within the meaning of Section 3(2)(A) of ERISA, 29 U.S.C. § 1002(2)(A).

EBSA is the agency within the Department of Labor tasked with administering and enforcing the provisions of Title I or ERISA. EBSA carries out its responsibilities by conducting a wide range of activities, including civil and criminal investigations, to determine whether there are violations of ERISA and the sections of Title 18, as they relate to employee benefit plans. Consistent with this mission, EBSA's Miami District Office (the "Miami DO") opened an investigation into the 401k Plan in October 2022 to determine whether any person has violated, or was about to violate, any provision of Title I of ERISA or its associated regulations and orders. (Robertson Decl. ¶ 3; Langer Decl. ¶ 3).

As part of this investigation, the Acting Regional Director for the Atlanta Regional Office, Mark Seidel, issued the Subpoena to Respondent on June 21, 2023, as authorized by Section 504(c) of ERISA, 29 U.S.C. § 1134(c). (Robertson Decl. ¶ 5 & Ex. A; Langer Decl. ¶ 5). The Subpoena was served on Respondent by USPS

certified mail and by email to Partner David Stoller on June 21, 2023.[2] (Robertson Decl. ¶ 9 & Exs. E & F).

The Subpoena seeks various documents, created or used from January 1, 2018, through the date of production, regarding the 401k Plan's structure, administration, participants, finances and transactions. (*See* Ex. D to Robertson Decl.). It directs Respondent to appear before EBSA and produce the requested documents on July 7, 2023. (*Id.*). But Respondent failed to appear before EBSA, did not produce any documents, and did not even communicate with EBSA by the July 7, 2023 deadline. (Robertson Decl. ¶ 9).

On September 13, 2023, Investigator Melanie Margolies and Auditor Robertson went to Law Offices of David Stoller's location at 730 East Strawbridge Ave, Suite 200, Melbourne, Florida 32901. (*Id.* at ¶ 11). Investigator Margolies and Auditor Robertson spoke with Gigi King, the office manager for Morgan & Barbary P.A, who confirmed that Mr. Stoller rents office space from Morgan & Barbary and works at the Melbourne location every other Friday. (*Id.*). Investigator Margolies and Auditor Robertson left a copy of the Subpoena with Ms. King (*Id.* & Ex. G). While Investigator Margolies and Auditor Robertson were on the premises, Ms. King faxed the Subpoena to Law Offices of David Stoller's Orlando location. (*Id.*).

---

2    The email address used is the same email address listed for Mr. Stoller on the Florida Bar Association website. (Robertson Decl. at ¶ 13 & Ex. I).

Investigator Margolies and Auditor Robertson also went to Law Offices of David Stoller's Orlando location on September 13, 2023. (*Id*. at ¶12). Investigator Margolies and Auditor Robertson served the Subpoena on Mr. Stoller's receptionist, Maria Erazo. (*Id*. & Ex. H). Ms. Erazo went to the back of the office to speak to Mr. Stoller; however, Mr. Stoller declined to speak to Investigator Margolies and Auditor Robertson. (*Id*.). After EBSA left Mr. Stoller's office, Mr. Stoller contacted the Miami DO requesting to speak to a supervisor. Supervisory Investigator Kim Langer spoke with Mr. Stoller, who confirmed that he received all of EBSA's correspondence via mail and email. (Langer Decl. ¶ 7).

Counsel for the Acting Secretary also contacted Mr. Stoller by letter on March 4, 2023, requesting again that Respondent comply with the Subpoena and noting that the Acting Secretary may seek judicial enforcement of the Subpoena if Respondent failed to do so. (Decl. of Alessandra T. Palazzolo ("Palazzolo Decl.") ¶¶ 3–4 & Ex. A). Respondent has failed to respond to this letter or produce any documents as of the date of this filing. (*Id.* ¶ 7; Robertson Decl. ¶ 14; Langer Decl. ¶ 8).

## II.    LEGAL STANDARD

The Supreme Court has observed that to invalidate administrative subpoenas would be "in effect to deny not only Congress' power to enact the provisions sustaining them, but also its authority to delegate effective power to investigate violations of its own laws, if not perhaps also its own power to make such

investigations." *Oklahoma Press Publ'g Co. v. Walling,* 327 U.S. 186, 201 (1946). As such, courts generally enforce administrative subpoenas upon a showing that (1) the inquiry is within the authority of the agency, (2) the demand for production is not too indefinite, and (3) the information sought is reasonably relevant. *United States v. Florida Azalea Specialists,* 19 F.3d 620, 623 (11th Cir. 1994) ("As a general rule, an administrative subpoena should be enforced if the inquiry is within the authority of the agency, the demand is not too indefinite and the information sought is reasonably relevant.") (internal quotations and citation omitted); *United States v. Morton Salt Co.,* 338 U.S. 632, 652 (1950) (similar). The scope of a proceeding to enforce an administrative subpoena is thus "sharply limited," and "inquiry is appropriate only into whether the evidence sought is material and relevant to a lawful purpose of the agency." *Equal Emp. Opportunity Comm'n v. Kloster Cruise Ltd.*, 939 F.2d 920, 922 (11th Cir. 1991) (citations omitted).

Courts regularly find these requirements satisfied based solely on the supporting declaration of a government official. *See Securities & Exch. Comm. v. Marin,* 982 F.3d 1341, 1352 (11th Cir. 2020) (agency can satisfy its *prima facie* burden for administrative subpoena enforcement through an investigator's subpoena); *Thomas v. United States Dep't of Interior,* No. 2:17-cv-405-FtM-99MRM, 2017 WL 3172407, at *4 (M.D. Fla. July 24, 2017) (enforcing administrative subpoena where petition was supported by special agent declaration);

*see also United States v. Stuart*, 489 U.S. 353, 360 (1989) ("good faith" required for enforcing IRS summons was shown by statement of IRS Director Foreign Operations).

Once the government makes this preliminary showing, the burden shifts to the respondent to either disprove one of these elements or demonstrate that enforcement of the administrative subpoena would be an abuse of the court's process. *Marin,* 982 F.3d at 1452. A court should "summarily enforce an administrative subpoena" unless "the party opposing enforcement can make a sufficient showing that summary enforcement would abuse the court's process." *Inspector Gen. of U.S. Dep't of Agric. v. Griffin*, 972 F. Supp. 676, 678 (M.D. Ga. 1997), *aff'd sub nom. Inspector Gen. of U.S. Dep't of Agric. v. Glenn*, 122 F.3d 1007 (11th Cir. 1997).

## III.  ARGUMENT

### A. The Acting Secretary has Established a *Prima Facie* Case for Enforcement.

Here, the Acting Secretary has satisfied all three elements of her *prima facie* case for enforcement. First, EBSA's investigation into the 401k Plan, including its issuance of the Subpoena seeking plan information, clearly falls within the scope of its statutory authority. Second, the demand is not indefinite—the Subpoena seeks specific categories of documents over a seven-year-period.  Finally, the information sought is reasonably relevant to the investigation—the documents sought are necessary for EBSA to investigate whether any violations of Title I of ERISA have

occurred, as they concern the structure and operations of the 401k Plan, its financial status, and money that may be owed to its participants, among other topics. As such, the burden should shift to Respondent to show that the Subpoena is an abuse of process (it is not) or imposes an undue burden (it does not).

i. The Subpoena is authorized by Section 504 of ERISA.

Section 504 of ERISA authorizes the Acting Secretary to "determine whether any person has violated or is about to violate any provision of [ERISA] or any regulation or order thereunder." 29 U.S.C. § 1134(a). This broad conferral of investigatory powers explicitly includes the power "to require the submission of reports, books, and records, and the filing of data in support of any information required." ERISA § 504(a), 29 U.S.C. § 1134(a); *see also Central States, Se. & Sw. Areas Pension Fund v. Central Transp., Inc.*, 472 U.S. 559, 578 (1985) (noting that "ERISA grants the Secretary of Labor broad investigatory powers"). And, as the Supreme Court has recognized, "[w]hen investigative [] duties are delegated by statute to an administrative body," the agency "may take steps to inform itself as to whether there is probable violation of the law." *Morton Salt,* 338 U.S. at 643.

Here, the Subpoena to Law Offices of David Stoller falls squarely within EBSA's authority under § 504(a). Auditor Robertson's declaration states that the investigation in question was initiated pursuant to Section 504 of ERISA, 29 U.S.C. §1134(a), to determine whether any person has violated or is about to violate any

provision of Title I of ERISA or any regulation or order promulgated thereunder. (Robertson Decl. ¶ 3). And, as explained below, *infra* Section III.A.iii, the documents requested are relevant to this investigatory purpose. Accordingly, the Acting Secretary of Labor, acting through EBSA, has the authority to issue the Subpoena in furtherance of her investigative responsibility under ERISA.

ii.  <u>The Subpoena's requests are not indefinite nor overbroad.</u>

The definiteness requirement for enforcement "comes down to the specification of the documents to be produced adequate, but not excessive, for the purposes of the relevant inquiry." *Oklahoma Press,* 327 U.S. at 209. Courts regularly find subpoenas violate the definiteness requirement where they specify categories of documents to be produced within a specific date range. *See Commodity Futures Trading Comm. v. First State Depository Co.,* No. 21-mc-048 (JEB/GMH), 2021 WL 7748016, at *6 (D.C.C. June 23, 2021) (subpoenas were sufficiently definite where "[t]hey ask for specific categories of documents created or transmitted during specific and limited time periods"); *Chao v. Bowles,* Civ. Action No. 08-cv-01497-WYD-KLM, 2008 WL 4538836, at *1 (D. Colo. Oct. 7, 2008) (definiteness requirement satisfied where subpoena enumerated twenty-five specific categories of documents sought within a specific date range); *see also Chao v. Koresko,* No. 04-MC-74, 2004 WL 1102381, at *1 (E.D. Pa. May 11, 2004) (administrative

subpoenas were not indefinite where "[t]he documents, and the date and location that the documents were to be produced, are stated in the subpoenas").

Here, EBSA has enumerated specific categories of documents it seeks, such as annual reports, bank account information for the 401k Plan, and financial statements for participant accounts. (*See* Ex. D to Robertson Decl.). The Subpoena is also generally limited to documents created or relied upon between January 1, 2018 and the date of production. (*Id.* at 5). As such, the Acting Secretary has satisfied this element of her *prima facie* case.

iii. <u>The Subpoena seeks information relevant to EBSA's investigation.</u>

"The measure of relevance used in subpoena enforcement actions is quite broad." *Florida Azalea Specialists,* 19 F.3d at 623. "So long as the material requested touches a matter under investigation, an administrative subpoena will survive a challenge that the material is not relevant." *Sandsend Fin. Consultants, Ltd. v. Federal Home Loan Bank Bd.*, 878 F.2d 875, 882 (5th Cir. 1989) (internal quotations omitted). And "[t]he proper scope of an ERISA investigation can be determined only by reference to the statute itself; the appropriate inquiry is whether the information sought might assist in determining whether any person is violating or has violated any provision of Title I of ERISA." *Donovan v. Nat'l Bank of Alaska*, 696 F.2d 678, 684 (9th Cir. 1983). In fact, courts extend to administrative investigations (and to subpoenas issued as part of those investigations) the same

broad latitude as provided to grand jury investigations and their subpoenas. *Oklahoma Press*, 327 U.S. at 216; *see also United States v. Wiengarden*, 473 F.2d 454, 459 (6th Cir. 1973). Accordingly, if the "evidence sought by the subpoena was not plainly incompetent or irrelevant to *any* lawful purpose of the Acting Secretary. . . it [is] the duty of the District Court to order its production . . . ." *Endicott Johnson Corp. v. Perkins*, 317 U.S. 501, 509 (1943) (emphasis added).

Here, the documents requested are not "irrelevant to any lawful purpose of the Secretary" but instead are reasonably calculated to gather relevant information about potential violations of Title I of ERISA. For example, the 401k Plan Document, Trust Document, and Summary Plan Description (sought in requests 1 and 2) will enable EBSA to better understand the 401k's Plan structure and operations. (*See* Ex. A to Robertson Decl. at 7). EBSA frequently requests such documents in conjunction with similar investigations. (Robertson Decl. ¶¶ 16–17; Langer Decl. ¶¶ 10–11). Because the Subpoena seeks documents relevant to EBSA's lawfully authorized investigation, the Acting Secretary has satisfied the final element of her *prima facie* case for enforcement.

## B. Respondent Cannot Carry its Burden to Show that the Subpoena Constitutes an Abuse of Process or Imposes an Undue Burden.

Respondent has the "heavy burden" of proving abuse of process or undue burden. *See United States v. Kabakibou,* 522 F. Supp. 3d 1307, 1314–1315 (N.D. Ga. 2020). "Such an abuse would take place if the summons had been issued for an

improper purpose, such as to harass the [recipient] or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." *United States v. Powell,* 379 U.S. 48, 58 (1964). Here, the scope of the Subpoena and EBSA's repeated efforts to work with Respondent to facilitate the production of the requested documents rebut any argument that the Subpoena was not issued in good faith to seek information relevant to EBSA's investigation. As such, Respondent cannot carry its "heavy burden" to show that the Subpoena was an abuse of process or imposes an undue burden.

### C. A Show Cause Order Should be Issued in Lieu of Traditional Service of Process so EBSA May Continue to Investigate Respondent.

The Acting Secretary requests that the Court immediately issue a show cause order against Respondent, which the Acting Secretary would then serve upon Respondent, along with the petition and exhibits. Federal Rule of Civil Procedure 81(a)(5) permits district courts to limit the application of the Federal Rules of Civil Procedure in administrative subpoena enforcement proceedings. As such, courts in the Eleventh Circuit regularly issue show cause orders to be served alongside enforcement petitions, consistent with binding Eleventh Circuit precedent.[3]

---

[3] *See e.g.,* Order to Show Cause, *SEC. v. Marin*, No. 1:19-mc-20493-UU (S.D. Fla. Feb. 12, 2019), ECF No. 5 (issuing show cause order six days after filing of petition without service of petition or summons on respondent); Order re Petition (Complaint) to Enforce RE: Government Agency, *Perez v. Jerk Kitchen Foods, Inc.*, No. 0:16-mc-60967-JAL (S.D. Fla. May 5, 2016), ECF No. 3 (issuing show cause order the day after the Secretary's filing of petition, without service of petition or summons on respondent); Order to Show Cause, *U.S.A. v. Kessler*, No.

Permitting service of a show cause order and petition simultaneously also comports with the summary nature of subpoena enforcement proceedings, which are intended to be a streamlined process so as not to interfere with government investigations.

The Court is authorized to issue a show cause of order in lieu of traditional service of process under Federal Rule of Civil Procedure 81(a)(5), which recognizes the applicability of the Federal Rules of Civil Procedure to subpoena enforcement actions brought by the United States "except as otherwise provided by statute, by local rule, or by court order in the proceedings." Under Eleventh Circuit precedent, Rule 81 "permits a district court to modify the application of the civil rules in a subpoena-enforcement proceeding," including using a show cause order to notify a party of the proceedings against them, rather than a traditional summons. *See U.S. v. Elmes*, 532 F.3d 1138, 1139 (11th Cir. 2008).[4]

In *Elmes*, the government filed a petition to enforce an IRS summons on October 25, 2006, and the district court issued a show cause order on December 6, 2006. *Id.* at 1140. Review of the district court docket shows that the show cause order was issued without requiring the government to serve the petition or any summons on the respondent. Instead, upon issuing the show cause order, the district

---

1:13-mc-21722-KMW (S.D. Fla. July 15, 2013), ECF No. 4 (entering show cause order without requiring prior service of petition or summons on respondent).

[4]     *Elmes* refers to the former Rule 81(a)(3) that was in effect at the time of the underlying events, but notes that "[u]nder the current version of Rule 81, effective as of December 2007, the relevant subsection is (a)(5). The language of the provision was slightly altered by the 2007 Amendments to the Civil Rules, but there has been no substantive change to the rule." *Id*. at 1141, n. 4.

court directed the petitioner to personally serve a copy of the order, the petition, and attached exhibits on the respondent within five days. 532 F.3d at 1140. The respondent then filed a motion to dismiss, alleging a lack of personal jurisdiction and improper service because of the government's failure to also serve a court-issued summons. *Id.*

The district court denied the motion and the Eleventh Circuit affirmed the denial. In doing so, the Eleventh Circuit noted that "[u]nder Rule 81, the district court is plainly authorized to be flexible in its application of the civil rules in summons-enforcement proceedings." *Id.* at 1144. The court then went on to hold that because Respondent "had already been served with an IRS summons . . . he was apprised of the possibility that an action would later be initiated to enforce these summons" and, under such circumstances, personal service of the petition and show cause order provided adequate notice. *Id.* at 1144–45. Likewise, because Respondent Law Offices of David Stoller was previously served with the administrative subpoena at issue, this Court may provide notice of the proceeding against Respondent by issuing a show cause order.

Issuing a show cause order to be served along with the Petition is particularly appropriate given the limited scope of enforcement proceedings. "It is well-settled that the role of a district court in a proceeding to enforce an administrative subpoena is sharply limited; inquiry is appropriate only into whether the evidence sought is

material and relevant to a lawful purpose of the agency." *EEOC v. Kloster Cruise Ltd.,* 939 F.2d 920, 922 (11th Cir. 1991); *see also SEC v. Marin,* 982 F.3d 1341, 1357 (11th Cir. 2020) ("Administrative subpoena enforcement proceedings are summary in nature") (internal quotations omitted).

The limited scope of judicial proceedings to enforce subpoenas is designed "to avoid delays that might paralyze an agency's ability to investigate." *Federal Elections Comm'n v. Florida for Kennedy Comm.,* 681 F.2d 1281, 1284 (11th Cir. 1982); *see also EEOC v. Joon, LLC*, No. 3:18- MC-3836, 2019 WL 2134596, at *2 (M.D. Ala. May 15, 2019) ("A subpoena enforcement proceeding is designed to be summary in nature") (internal quotations omitted); *Kennedy v. Lynd*, 306 F.2d 222, 225–226 (5th Cir. 1962) (application by attorney general to enforce request for voter records is a "special statutory proceeding" which "does not require pleadings which satisfy usual notions under the Federal Rules of Civil Procedure" and upon filing of request "Court is required to treat it as a summary proceeding" and grant the relief sought or set matter "without delay for suitable hearing.").

Because the agency seeking to enforce the subpoena can make a *prima facie* showing of its enforceability based only on the declaration of a government official, it follows that a court may properly issue a show cause order prior to service of the petition on the respondent. *See Marin,* 982 F.3d at 1352 (investigator's subpoena can satisfy *prima facie* burden for enforcement). Here, the Acting Secretary has

attached the declarations of EBSA Auditor Tyrone Robertson, Supervisory Investigator Kim Langer, and Attorney Alessandra T. Palazzolo to the Petition, all attesting to facts supporting the enforceability of the subpoena. These declarations satisfy the *prima facie* burden for enforcement, such that the Court may issue the requested show cause order. Respondent will then have an opportunity to rebut the *prima facie* case at the show cause hearing itself. Permitting service of the Petition along with any show cause order furthers the goal of summary proceedings to allow efficient resolution of disputes concerning investigative subpoenas.

## IV.   CONCLUSION

EBSA has worked diligently for over eight months to obtain subpoenaed documents necessary for its investigation of the 401k Plan.  Despite its repeated attempts to facilitate Respondent's compliance with the Subpoena, Respondent has still not produced a single responsive document. As shown above, ERISA clearly authorizes EBSA to issue the Subpoena, and the documents requested by the Subpoena are neither indefinite nor overbroad and are directly relevant to the underlying investigation. Respondent cannot carry its heavy burden to show that the Subpoena is an abuse of process or that compliance with the requests would impose an undue burden. The Acting Secretary therefore respectfully requests that her Petition be granted, and that the Court immediately issue an Order requiring Respondent to appear through counsel and Show Cause by a date certain why it

should not be required to produce documents and records as demanded by the Subpoena.

Respectfully submitted this 13th day of March, 2024.

Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA  30303
Telephone:  (404) 302-3902
Facsimile:  (404) 302-5438

SEEMA NANDA
Solicitor of Labor

TREMELLE I. HOWARD
Regional Solicitor

LYDIA J. CHASTAIN
Acting ERISA Counsel
chastain.lydia.j@dol.gov

*/s/ Alessandra T. Palazzolo*
ALESSANDRA T. PALAZZOLO
Trial Attorney
palazzolo.alessandra.t@dol.gov
atl.fedcourt@dol.gov

SOL Case No. 24-00188

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

| | |
|---|---|
| JULIE A. SU,<br>Acting Secretary of Labor,<br>United States Department of Labor,<br><br>Petitioner,<br><br>v.<br><br>LAW OFFICES OF DAVID<br>STOLLER, PA,<br>Respondent. | MISC Case No. |

## DECLARATION OF AUDITOR TYRONE ROBERTSON

I, Tyrone Robertson, pursuant to 28 U.S.C. § 1749, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1. I am an employee of the Employee Benefits Security Administration ("EBSA"), where I work as an Auditor for the Miami District Office (the "Miami DO"). I am over 18 years of age and have personal knowledge of all matters related herein.

2. EBSA administers and enforces the provisions of Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), which establishes fiduciary and other standards governing the operation of employee benefit plans sponsored by private-sector employers. In carrying out its enforcement

responsibilities, EBSA conducts a wide range of activities, including civil and criminal investigations, to determine whether the provisions of ERISA have been violated.

3.     In October 2022, the Miami DO began investigating the 401k Plan sponsored by Law Offices of David Stoller, PA. (the "401k Plan"). The purpose of this investigation is to determine whether there has been a violation of any provision of Title I of ERISA, or any regulation or order issued thereunder related to the 401k Plan.

4.     I was assigned to investigate this matter on October 12, 2022.

5.     In early November 2022, I attempted to reach Partner David Stoller ("Stoller") by telephone to discuss EBSA's investigation and EBSA's intention to send a document request letter. Despite repeated attempts, I was unable to contact Stoller by telephone because Law Offices of David Stoller's telephone system directed all calls to an automated message alerting callers that the voicemail system was full.

6.     On November 18, 2022, EBSA sent a document request letter by regular mail via the United States Postal Service. (Exhibit A – November 18, 2022 Appointment Letter). I also sent the letter to Stoller via email, and received confirmation that the email was delivered. (Exhibit B – November 18, 2022 Delivery Receipt). EBSA received no response from Stoller or any Plan service provider.

7.      On January 3, 2023, EBSA sent a second document request letter via by USPS certified mail return receipt requested. (Exhibit C – January 3, 2023 Appointment Letter). EBSA received no response from Stoller or any Plan service provider.

8.      On June 21, 2023, Mark Seidel, Acting Regional Director for the Atlanta Regional Office, issued an administrative subpoena *duces tecum* requiring Law Offices of David Stoller to appear and produce certain documents necessary to the Miami DO's investigation on or before July 7, 2023 (the "Subpoena"). (Exhibit D – Subpoena).

9.      On June 21, 2023, I served the Subpoena to Law Offices of David Stoller at its principal place of business at 4445 South Conway Road, Orlando, Florida 32812 ("Orlando location"), via USPS certified mail. The USPS tracking system confirms that Law Offices of David Stoller received the subpoena on June 26, 2023. (Exhibit E – June 26, 2023 USPS Informed Delivery). I also sent the Subpoena to Stoller via email, and received confirmation that the email was delivered. (Exhibit F – June 21, 2023 Delivery Receipt). EBSA received no response from Stoller or any Plan service provider.

10.     By September 2023, I still had not received any responsive documents or communication from Respondent.

11.     On September 13, 2023, Investigator Melanie Margolies and I went to Law Offices of David Stoller's location at 730 East Strawbridge Ave, Suite 200, Melbourne, Florida 32901 ("Melbourne location"). We spoke with Gigi King, the office manager for Morgan & Barbary P.A. King confirmed that Stoller rents office space from Morgan & Barbary and works at the Melbourne location every other Friday. We left a copy of the Subpoena with King (Exhibit G – Return of Service, Gigi King). While we were on the premises, King faxed the Subpoena to Law Offices of David Stoller's Orlando location.

12.     Margolies and I also went to Law Offices of David Stoller's Orlando location on September 13, 2023. Margolies and I served the Subpoena on Stoller's receptionist, Maria Erazo. (Exhibit H – Return of Service, Maria Erazo). Erazo went to the back of the office to speak to Stoller; however, he declined to speak to us.

13.     Margolies and I confirmed that we had the correct email address for Stoller based on Stoller's business card and the email address listed for Stoller on the Florida Bar Association website. (Exhibit H; Exhibit I – Stoller's Florida Bar Association Search Result).

14.     To date, Law Offices of David Stoller has not produced any documents in response to the Subpoena.

15.     The Subpoena sought documents regarding topics such as the 401k Plan's structure, administration, participants, finances, and transactions that were created or used from January 1, 2018, through the date of production.

16.     The requested documents are necessary to determine whether there has been a violation of any provision of Title I of ERISA, or any regulation or order issued thereunder. EBSA regularly requests these and similar documents as part of its investigations to evaluate an employer's coverage under, and compliance with, the Act.

17.     Without these documents, EBSA will be unable to discharge its statutory obligation to investigate this matter and determine whether a violation has occurred. These documents are necessary so that EBSA can move forward with its investigation.

_____
TYRONE ROBERTSON
Auditor

Dated: 3/12/2024

# EXHIBIT A



**EMPLOYEE BENEFITS SECURITY ADMINISTRATION**
U.S. DEPARTMENT OF LABOR

Miami District Office
1000 S. Pine Island Road
Suite 100
Plantation, FL 33324
954-424-4022 (phone)
954-424-0548 (fax)

<u>eMailed: David.stoller@davidstollerlaw.com</u>
<u>and mailed hard copy</u>

November 18, 2022

David Stoller
David Stoller Law Practice
4445 South Conway Road
Orlando, FL 32812

Re: David Stoller Law Practice 401k Plan

Dear David Stoller:

The David Stoller Law Practice 401k Plan has been selected for review to determine its compliance with Title I of the Employee Retirement Income Security Act (ERISA). To assist us in our examination, we have attached a list of the records and documents needed.

To reduce the burden on you, we are conducting our investigation as a desk review. We ask that you provide the requested documents to us on or before December 9, 2022. You can produce the requested documents electronically. We accept most commercial file formats. We ask that prior to submitting anything electronically that you contact us. During our investigation, we may request additional records. Formats we can accept are [1]:

| | | |
|---|---|---|
| Microsoft Word (doc) | Microsoft Outlook Express (msg) | TIFF |
| WordPerfect (wpd) | Microsoft Excel (xls) | CSV |
| Rich Text (rtf) | Microsoft Access (mdb) | ASCII |
| Microsoft Outlook (pst) | PDF | TXT |

**If any documents requested are not available, please list these documents; and indicate their location and reason for not providing them.** If you have any questions relating to the investigation of your Plan or the records requested, please contact me at 954-640-1268 or via email at robertson.tyrone.c@dol.gov. We appreciate your cooperation in this matter.

Sincerely,

TYRONE
ROBERTSON

Digitally signed by TYRONE
ROBERTSON
Date: 2022.11.18 12:31:40
-05'00'

TYRONE ROBERTSON
Auditor

Enclosures: Document Request

---

[1] Please provide the name of the software program for the documents and any passwords to allow access to the documents.

The U.S. Department of Labor's Employee Benefits Security Administration (EBSA) administers and enforces Title I of the Employee Retirement Income Securities Act. Learn more at dol.gov/agencies/ebsa

## DAVID STOLLER LAW PRACTICE
## 401K PLAN
## DOCUMENTS REQUESTED
### For the Plan Years 2019 through 2021

**All documents should be produced for the entire period indicated above unless otherwise stated. All other items will be reviewed as necessary. Other documents may be requested as necessary to complete the examination.**

## PLAN AND TRUST DOCUMENTS

1. **Signed** Plan document(s) in effect during the examination period including all amendments to date. (For prototype plans, include copies of all fully completed and Signed adoption agreements).
2. IRS Determination Letter (all in effect during the periods scheduled for examination).
3. Summary Plan Description(s) and any Summary of Material Modification(s) along with any notices to participants and beneficiaries regarding amendments or updates.
4. **Signed** Trust Agreement(s) including any sub-trustee or custodial agreements.
5. **Signed** copy of any Collective Bargaining Agreements that affect the Plan.

## ADMINISTRATION OF THE PLAN

1. List of the Plan Sponsor's Board of Directors, including their titles, term of office and contact information.
2. Identify ALL Plan Trustees and Plan Administrators during the examination period. Include their name, address (if different from the Plan Sponsor), telephone number, Social Security Number, and E-mail address for each person. Also include the time period they served as Trustee or Plan Administrator.
3. Minutes, resolutions, and actions of the Plan Trustees, Plan Administrators, Board of Directors, Plan Committee, and any other body having the discretionary authority or control over the operations and investment decisions for the Plan.
4. **Signed** copies of the Annual Report Form 5500, including all schedules, attachments, statements, and amendments.
5. Summary Annual Reports as distributed to participants during the examination period. **Also include a brief explanation on how these reports are distributed to the participants.**
6. Audited financial statements for the Plan, including the schedules, footnotes, and the report from the Independent Public Accountant. Also include a copy of the representation letter issued by the Plan Sponsor for each plan year.
7. Fidelity Bond Policy (latest copy), including the declarations page, all endorsements, and the complete policy language or booklet with all riders pertaining to the policy. Also include your most recent invoice.
8. Fiduciary Liability Policy (latest copy), including the declarations page, all endorsements, and the complete policy language or booklet with all riders pertaining to the policy. Also include your most recent invoice.
9. Sample of a Quarterly Participant Account Statement.

**ADMINISTRATION OF THE PLAN -- Continued**

10. All statements furnished to participants by the plan administrator (or by the plan administrator's designated service provider) regarding (i) the investments of the plan (including applicable benchmarks and performance data), and (ii) the fees and expenses associated with such investments of the plan.

11. All fee and service notices furnished to the fiduciaries of the plan by the service providers to the plan (including, but not limited to, investment managers, investment advisors, actuaries, recordkeepers, third party administrators, and any other service providers to the plan) from January 1, 2019 to present.

**SERVICE PROVIDERS**

Provide the following for each of the service provider types listed below:

Name, contact information, engagement letters, **fee schedules**, correspondences, and duration of time they worked for the Plan.

For those providers where a formal written agreement was not provided, provide a summary of the types of services rendered along with the other information requested above. This includes notices to BOTH Plan Administrators as well as Plan Participants:

A. Plan Accountant or CPA Firm
B. Plan Attorney
C. Plan Consultants
D. Plan Insurance Agent or Broker
E. Plan Investment Advisor or Manager
F. Plan Third Party Administrators
G. Plan Record Keepers
H. Plan Payroll Service Providers
I. Bank or other Financial Institution containing Plan Assets

**PLAN INVESTMENTS**

1. Schedule of investments held by the Plan, along with documents sufficient to show acquisition date, acquisition price, person from whom each investment was acquired, disposal date, disposal proceeds, person to whom each investment was disposed. If any investments are not readily marketable or if the market value of any investment is not readily determinable, all appraisals of each such investment from January 1, 2019 to present;

2. Documents that list, set forth or relate to investments held by the Plan for Plan years ending December 31, 2019 to present;

2

**PARTIES IN INTEREST**
1. List of Officers and employees who have a financial interest in the Company that is equal to or greater than ten (10%) percent.
2. List of Officers and employees who have a financial interest in any of the Service Providers for the Plan that is equal to or greater than ten (10%) percent.
3. All documents pertaining to any litigation in which the Plan, Plan Sponsor, Plan Administrator, or Trustee is a party.
4. If the Plan has entered into a merger, spin-off, termination or partial termination during the examination period, provide all documents relating to those transactions, including but not limited to any filings with the IRS and / or the Pension Benefits Guaranty Corporation (PBGC).

**PLAN FINANCIAL RECORDS**
1. Any and all records evidencing employee and employer contributions and participant loan repayments (if applicable) deposited and not deposited (receivables) for January 1, 2019 to current, including:
   a. payroll reports, summaries, or deduction registers showing total employee payroll deductions for Plan contributions and participant loan payments for each pay period;
   b. all deposit confirmation notices received from any insurance company, investment company, trustee, or recordkeeper, reflecting the deposit (by date/amount) of employee and employer contributions and participant loan repayments;
   c. all transaction activity statements, plan account statements, or trust account statements received from any insurance company, investment company, trustee, or recordkeeper, showing deposit transactions for employee and employer contributions by (date/amount) and participant loan repayments; and
   d. canceled remittance checks evidencing each deposit of employee and employer contributions and participant loan repayments;
2. Summary of Participant Loans issued by the Plan. The summary should include loan origination date, duration of the loan, loan amount, participant account balance at time of origination, interest rate charged, and fees charged.
3. Contribution summary reports that aggregate the deductions for all contributing employees (including adjustments) in order to reconcile the contributions made to the Trust or to reconcile the premium requirements established for the health plan.
4. Trust Report summarizing all of the Plans Investments at the end of each plan year along with a summary detailing the income and expenses incurred by the plan for each plan year.
5. Transaction reports reflecting each deposit into the Trust by date, amount and type of deposit (e.g., employee contributions, loan re-payments, employer matching contribution, employer profit sharing contributions, etc.).
6. Transactional reports or check registers, check request forms with supporting documentation that represent each payment made from the Trust. The report should list the payee, the date of the transaction, amount of the transaction, and a description of the purpose (e.g., expense type or benefit payment).
**Include all invoices and other details that support expense payments only.**

**PLAN SPONSOR DOCUMENTS**

1. Most recent Company audited financial statement or Annual Report, shareholder report including footnotes and schedules along with the Report of the Independent Public Accountant.
2. Meeting minutes, resolutions, and actions by the Board of Directors or shareholders with regard to the Plan.

**CYBERSECURITY**

1. All documents constituting or reflecting the plan's cybersecurity program, including the plan's access control procedures for its cybersecurity system, and all documents reflecting the components of that program.
2. All documents stating or describing the roles and responsibilities of each person having responsibility for any aspect of the plan's information security, cybersecurity or security controls, and all documents stating, describing, or reflecting the definition of each person's roles and responsibilities.
3. All documents constituting or reflecting the performance of any internal and/or third- party audits of the plan's cybersecurity system or its security controls, including any annual or periodic audits.
4. All documents constituting or reflecting the conduct of cybersecurity awareness training, including all periodic cybersecurity awareness training.
5. All documents constituting or reflecting any business resiliency program or business continuity program relating to the plan's cyber system or its cybersecurity, including processes for business continuity, disaster recovery, and incident response.
6. All documents reflecting the occurrence of any cybersecurity incidents, breaches, or suspected incidents or breaches, and the actions taken in response to each.
7. All documents constituting or reflecting the plan's processes for the encryption of sensitive data, stored and in transit.
8. All documents constituting or relating to any contracts with any third-party service providers that provide services relating to the plan's information security, cybersecurity, or security controls.

# EBSA's Customer Service Commitment

U.S. Department of Labor
Employee Benefits Security Administration
November 2016

## OUR MISSION

The Employee Benefits Security Administration (EBSA) assures the security of the retirement, health and other workplace related benefits of America's workers and their families. EBSA will accomplish this mission by developing effective regulations; assisting and educating workers, plan sponsors, fiduciaries, and service providers; and vigorously enforcing the law.

## EBSA's CUSTOMER SERVICE COMMITMENT

EBSA is committed to educating and assisting the 143 million workers, retirees and their families covered by approximately 681,000 private retirement plans, 2.3 million health plans, and similar numbers of other welfare benefit plans holding approximately $8.7 trillion in assets; as well as plan sponsors and members of the employee benefits community. EBSA balances proactive enforcement with compliance assistance and works diligently to provide quality assistance to plan participants and beneficiaries. It is the policy of EBSA to provide the highest quality of service to its customers.

## DIRECT ASSISTANCE TO THE PUBLIC

EBSA's goal in providing direct assistance is to raise the knowledge level of plan participants and beneficiaries, plan sponsors, service providers and other interested parties and to ensure that they have access to available plan documents filed with the Department of Labor.

This enables participants to better understand their responsibilities and exercise their rights under the law and, when possible, to recover any benefits to which they may be entitled. This also allows plan administrators and practitioners the opportunity to better understand and comply with the law.

If you telephone our office, you can expect:

- a friendly, courteous voice; and
- a return call no later than the end of the next business day.

If you write our office, you can expect:

- a reply within 30 days after we receive your letter; and
- a clear, easy-to-understand response to your letter.

You will always receive straightforward information on how the law applies to your circumstances, information about options that may be available, respect for your privacy and the name of the EBSA employee assisting you.

## INDIVIDUALIZED PARTICIPANT ASSISTANCE

Individualized participant assistance is offered by Benefits Advisors in our national and field offices. When you write, call, communicate with us electronically, or visit our offices in search of assistance,

# EXHIBIT B

| | |
|---|---|
| **From:** | Microsoft Outlook <MicrosoftExchange329e71ec88ae4615bbc36ab6ce41109e@DOL.GOV> |
| **To:** | david.stoller@davidstollerlaw.com |
| **Sent:** | Friday, November 18, 2022 1:32 PM |
| **Subject:** | Relayed: David Stoller Law Practice 401(k) Plan |

**Delivery to these recipients or groups is complete, but no delivery notification was sent by the destination server:**

david.stoller@davidstollerlaw.com (david.stoller@davidstollerlaw.com)

Subject: David Stoller Law Practice 401(k) Plan

EXHIBIT C



**EMPLOYEE BENEFITS SECURITY ADMINISTRATION**
U.S. DEPARTMENT OF LABOR

Miami District Office
1000 S. Pine Island Road
Suite 100
Plantation, FL 33324
954-424-4022 (phone)
954-424-0548 (fax)

<u>Certified Mail: Return Receipt Requested</u>

January 3, 2023

David Stoller
David Stoller Law Practice
4445 South Conway Road
Orlando, FL 32812

Re: David Stoller Law Practice 401k Plan

Dear David Stoller:

The David Stoller Law Practice 401k Plan has been selected for review to determine its compliance with Title I of the Employee Retirement Income Security Act (ERISA). To assist us in our examination, we have attached a list of the records and documents needed.

To reduce the burden on you, we are conducting our investigation as a desk review. We ask that you provide the requested documents to us on or before January 17, 2023. You can produce the requested documents electronically. We accept most commercial file formats. We ask that prior to submitting anything electronically that you contact us. During our investigation, we may request additional records. Formats we can accept are [1]:

| | | |
|---|---|---|
| Microsoft Word (doc) | Microsoft Outlook Express (msg) | TIFF |
| WordPerfect (wpd) | Microsoft Excel (xls) | CSV |
| Rich Text (rtf) | Microsoft Access (mdb) | ASCII |
| Microsoft Outlook (pst) | PDF | TXT |

**If any documents requested are not available, please list these documents; and indicate their location and reason for not providing them.** If you have any questions relating to the investigation of your Plan or the records requested, please contact me at 954-640-1268 or via email at robertson.tyrone.c@dol.gov. We appreciate your cooperation in this matter.

Sincerely,

TYRONE
ROBERTSON
Digitally signed by TYRONE ROBERTSON
Date: 2023.01.03 10:31:02 -05'00'

TYRONE ROBERTSON
Auditor

Enclosures: Document Request

---

[1] Please provide the name of the software program for the documents and any passwords to allow access to the documents.

The U.S. Department of Labor's Employee Benefits Security Administration (EBSA) administers and enforces Title I of the Employee Retirement Income Securities Act. Learn more at dol.gov/agencies/ebsa

**DAVID STOLLER LAW PRACTICE**
**401K PLAN**
**DOCUMENTS REQUESTED**
**For the Plan Years 2019 through 2021**

All documents should be produced for the entire period indicated above unless otherwise stated. All other items will be reviewed as necessary. Other documents may be requested as necessary to complete the examination.

## PLAN AND TRUST DOCUMENTS

1. **Signed** Plan document(s) in effect during the examination period including all amendments to date. (For prototype plans, include copies of all fully completed and Signed adoption agreements).
2. IRS Determination Letter (all in effect during the periods scheduled for examination).
3. Summary Plan Description(s) and any Summary of Material Modification(s) along with any notices to participants and beneficiaries regarding amendments or updates.
4. **Signed** Trust Agreement(s) including any sub-trustee or custodial agreements.
5. **Signed** copy of any Collective Bargaining Agreements that affect the Plan.

## ADMINISTRATION OF THE PLAN

1. List of the Plan Sponsor's Board of Directors, including their titles, term of office and contact information.
2. Identify ALL Plan Trustees and Plan Administrators during the examination period. Include their name, address (if different from the Plan Sponsor), telephone number, Social Security Number, and E-mail address for each person. Also include the time period they served as Trustee or Plan Administrator.
3. Minutes, resolutions, and actions of the Plan Trustees, Plan Administrators, Board of Directors, Plan Committee, and any other body having the discretionary authority or control over the operations and investment decisions for the Plan.
4. **Signed** copies of the Annual Report Form 5500, including all schedules, attachments, statements, and amendments.
5. Summary Annual Reports as distributed to participants during the examination period. **Also include a brief explanation on how these reports are distributed to the participants.**
6. Audited financial statements for the Plan, including the schedules, footnotes, and the report from the Independent Public Accountant. Also include a copy of the representation letter issued by the Plan Sponsor for each plan year.
7. Fidelity Bond Policy (latest copy), including the declarations page, all endorsements, and the complete policy language or booklet with all riders pertaining to the policy. Also include your most recent invoice.
8. Fiduciary Liability Policy (latest copy), including the declarations page, all endorsements, and the complete policy language or booklet with all riders pertaining to the policy. Also include your most recent invoice.
9. Sample of a Quarterly Participant Account Statement.

**ADMINISTRATION OF THE PLAN -- Continued**

10. All statements furnished to participants by the plan administrator (or by the plan administrator's designated service provider) regarding (i) the investments of the plan (including applicable benchmarks and performance data), and (ii) the fees and expenses associated with such investments of the plan.

11. All fee and service notices furnished to the fiduciaries of the plan by the service providers to the plan (including, but not limited to, investment managers, investment advisors, actuaries, recordkeepers, third party administrators, and any other service providers to the plan) from January 1, 2019 to present.

**SERVICE PROVIDERS**

Provide the following for each of the service provider types listed below:

Name, contact information, engagement letters, **fee schedules**, correspondences, and duration of time they worked for the Plan.

For those providers where a formal written agreement was not provided, provide a summary of the types of services rendered along with the other information requested above. This includes notices to BOTH Plan Administrators as well as Plan Participants:

A. Plan Accountant or CPA Firm
B. Plan Attorney
C. Plan Consultants
D. Plan Insurance Agent or Broker
E. Plan Investment Advisor or Manager
F. Plan Third Party Administrators
G. Plan Record Keepers
H. Plan Payroll Service Providers
I. Bank or other Financial Institution containing Plan Assets

**PLAN INVESTMENTS**

1. Schedule of investments held by the Plan, along with documents sufficient to show acquisition date, acquisition price, person from whom each investment was acquired, disposal date, disposal proceeds, person to whom each investment was disposed. If any investments are not readily marketable or if the market value of any investment is not readily determinable, all appraisals of each such investment from January 1, 2019 to present;

2. Documents that list, set forth or relate to investments held by the Plan for Plan years ending December 31, 2019 to present;

**PARTIES IN INTEREST**

1. List of Officers and employees who have a financial interest in the Company that is equal to or greater than ten (10%) percent.
2. List of Officers and employees who have a financial interest in any of the Service Providers for the Plan that is equal to or greater than ten (10%) percent.
3. All documents pertaining to any litigation in which the Plan, Plan Sponsor, Plan Administrator, or Trustee is a party.
4. If the Plan has entered into a merger, spin-off, termination or partial termination during the examination period, provide all documents relating to those transactions, including but not limited to any filings with the IRS and / or the Pension Benefits Guaranty Corporation (PBGC).

**PLAN FINANCIAL RECORDS**

1. Any and all records evidencing employee and employer contributions and participant loan repayments (if applicable) deposited and not deposited (receivables) for January 1, 2019 to current, including:
   a. payroll reports, summaries, or deduction registers showing total employee payroll deductions for Plan contributions and participant loan payments for each pay period;
   b. all deposit confirmation notices received from any insurance company, investment company, trustee, or recordkeeper, reflecting the deposit (by date/amount) of employee and employer contributions and participant loan repayments;
   c. all transaction activity statements, plan account statements, or trust account statements received from any insurance company, investment company, trustee, or recordkeeper, showing deposit transactions for employee and employer contributions by (date/amount) and participant loan repayments; and
   d. canceled remittance checks evidencing each deposit of employee and employer contributions and participant loan repayments;
2. Summary of Participant Loans issued by the Plan. The summary should include loan origination date, duration of the loan, loan amount, participant account balance at time of origination, interest rate charged, and fees charged.
3. Contribution summary reports that aggregate the deductions for all contributing employees (including adjustments) in order to reconcile the contributions made to the Trust or to reconcile the premium requirements established for the health plan.
4. Trust Report summarizing all of the Plans Investments at the end of each plan year along with a summary detailing the income and expenses incurred by the plan for each plan year.
5. Transaction reports reflecting each deposit into the Trust by date, amount and type of deposit (e.g., employee contributions, loan re-payments, employer matching contribution, employer profit sharing contributions, etc.).
6. Transactional reports or check registers, check request forms with supporting documentation that represent each payment made from the Trust. The report should list the payee, the date of the transaction, amount of the transaction, and a description of the purpose (e.g., expense type or benefit payment).
   **Include all invoices and other details that support expense payments only.**

**PLAN SPONSOR DOCUMENTS**
1. Most recent Company audited financial statement or Annual Report, shareholder report including footnotes and schedules along with the Report of the Independent Public Accountant.
2. Meeting minutes, resolutions, and actions by the Board of Directors or shareholders with regard to the Plan.

**CYBERSECURITY**
1. All documents constituting or reflecting the plan's cybersecurity program, including the plan's access control procedures for its cybersecurity system, and all documents reflecting the components of that program.
2. All documents stating or describing the roles and responsibilities of each person having responsibility for any aspect of the plan's information security, cybersecurity or security controls, and all documents stating, describing, or reflecting the definition of each person's roles and responsibilities.
3. All documents constituting or reflecting the performance of any internal and/or third- party audits of the plan's cybersecurity system or its security controls, including any annual or periodic audits.
4. All documents constituting or reflecting the conduct of cybersecurity awareness training, including all periodic cybersecurity awareness training.
5. All documents constituting or reflecting any business resiliency program or business continuity program relating to the plan's cyber system or its cybersecurity, including processes for business continuity, disaster recovery, and incident response.
6. All documents reflecting the occurrence of any cybersecurity incidents, breaches, or suspected incidents or breaches, and the actions taken in response to each.
7. All documents constituting or reflecting the plan's processes for the encryption of sensitive data, stored and in transit.
8. All documents constituting or relating to any contracts with any third-party service providers that provide services relating to the plan's information security, cybersecurity, or security controls.

# EBSA's Customer Service Commitment

U.S. Department of Labor
Employee Benefits Security Administration
November 2016

## OUR MISSION

The Employee Benefits Security Administration (EBSA) assures the security of the retirement, health and other workplace related benefits of America's workers and their families. EBSA will accomplish this mission by developing effective regulations; assisting and educating workers, plan sponsors, fiduciaries, and service providers; and vigorously enforcing the law.

## EBSA's CUSTOMER SERVICE COMMITMENT

EBSA is committed to educating and assisting the 143 million workers, retirees and their families covered by approximately 681,000 private retirement plans, 2.3 million health plans, and similar numbers of other welfare benefit plans holding approximately $8.7 trillion in assets; as well as plan sponsors and members of the employee benefits community. EBSA balances proactive enforcement with compliance assistance and works diligently to provide quality assistance to plan participants and beneficiaries. It is the policy of EBSA to provide the highest quality of service to its customers.

## DIRECT ASSISTANCE TO THE PUBLIC

EBSA's goal in providing direct assistance is to raise the knowledge level of plan participants and beneficiaries, plan sponsors, service providers and other interested parties and to ensure that they have access to available plan documents filed with the Department of Labor.

This enables participants to better understand their responsibilities and exercise their rights under the law and, when possible, to recover any benefits to which they may be entitled. This also allows plan administrators and practitioners the opportunity to better understand and comply with the law.

If you telephone our office, you can expect:

- a friendly, courteous voice; and
- a return call no later than the end of the next business day.

If you write our office, you can expect:

- a reply within 30 days after we receive your letter; and
- a clear, easy-to-understand response to your letter.

You will always receive straightforward information on how the law applies to your circumstances, information about options that may be available, respect for your privacy and the name of the EBSA employee assisting you.

## INDIVIDUALIZED PARTICIPANT ASSISTANCE

Individualized participant assistance is offered by Benefits Advisors in our national and field offices. When you write, call, communicate with us electronically, or visit our offices in search of assistance,



EXHIBIT D

# SUBPOENA

# UNITED STATES OF AMERICA
## DEPARTMENT OF LABOR
### Employee Benefits Security Administration

To:     Custodian of Records
        David Stoller Law Practice
        4445 South Conway Road
        Orlando, FL 32812

You are hereby required to appear before Auditor Tyrone Robertson or District Supervisor Kim A. Langer of the Employee Benefits Security Administration, U.S. Department of Labor, at 1000 South Pine Island Road, Suite 100, Plantation, Florida 33324 on the 7th day of July of 2023, at 9:00 o'clock A.M. of that day, in the matter of an investigation of the **David Stoller Law Practice 401(k) Plan** being conducted pursuant to Section 504 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Section 1134, in order to determine whether any person has violated or is about to violate any provision of Title I of ERISA or any regulation or order thereunder;

And you are hereby required to bring with you and produce at said time and place the following books, papers, and documents:

**See Attached.**

Fail not at your peril.



In testimony whereof I have hereunto affixed my signature and the seal of the United States Department of Labor at Atlanta, Georgia this 26th day of May, 2023.

_____/s/_____

Mark Seidel, Acting Regional Director



**EMPLOYEE BENEFITS SECURITY ADMINISTRATION**
U.S. DEPARTMENT OF LABOR

Miami District Office
1000 S. Pine Island Road
Suite 100
Plantation, FL 33324
954-424-4022 (phone)
954-424-0548 (fax)

<u>**Via Certified Mail, Return Receipt Requested and Email**</u>

June 21, 2023

Custodian of Records
David Stoller Law Practice
4445 South Conway Road
Orlando, FL 32812

Attn:   David Stoller: david.stoller@davidstollerlaw.com

Re:   David Stoller Law Practice 40l(k) Plan
       EBSA Case No. 42-010121

Dear Custodian of Records:

This office is conducting an investigation of the David Stoller Law Practice 401(k) Plan pursuant to § 504(a)(l) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1134 (a)(l), to determine whether any person has violated or is about to violate any provision of Title I of ERISA. Enclosed is a subpoena which requires the production of certain documents and records in connection with that investigation.

Your personal appearance pursuant to this subpoena will not be required at this time provided the documents are produced on or before the date noted in the subpoena. You will be informed at a later date if your personal appearance to testify is required. Inasmuch as your appearance is not now being required, please provide a cover letter with your response which identifies the documents being produced. Your cover letter should also state whether a diligent search has been made for the subpoenaed documents and that the documents transmitted constitute all documents called for by the subpoena.

The subpoena requests that documents maintained in electronic form, Electronically Stored Information ("ESI"), be produced in electronic form. The formats in which we can accept ESI are listed in the subpoena. When producing ESI, the material should be produced as maintained on your computer system, i.e., ESI should be produced with all files, folders and sub-folders intact, and emails should be produced with all attachments intact.

If any documents called for are not furnished, please list such documents and indicate their location and the reason for their non-production.

This inquiry should not be construed as an indication that any violations of law have occurred or as a reflection upon any person involved in this matter.

The U.S. Department of Labor's Employee Benefits Security Administration (EBSA) administers and enforces Title I of the Employee Retirement Income Security Act. Learn more at dol.gov/agencies/ebsa.

If you have any questions concerning the subpoena or the documents required to be produced, including the production of ESI and the appropriate format and media, please contact Auditor Tyrone Robertson in the Miami District Office at robertson.tyrone.c@dol.gov or 954-640-1268.

Sincerely,

/s/

Mark Seidel
Acting Regional Director

Attachments

# I.    DEFINITIONS

**The following definitions shall apply throughout this subpoena, regardless of whether uppercase letters or lowercase letters are used:**

"And" and "Or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

"Communication" shall mean any oral, written, electronic or other exchange or transmission of information (in the form of facts, ideas, inquiries, opinions, analysis or otherwise), including correspondence, memos, reports, emails, electronic mail, electronic documents, telephone conversations, telephone or voicemail messages, face-to-face meetings or conversations, and Internet postings and discussions.

"Documents" shall mean all writings, recordings or electronic data consisting of letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, word processing, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording, still photographs, X-ray films, video tapes, motion pictures, electronic mail messages, voice mail messages, electronic instant messages, spreadsheets, databases, electronic calendars and contact managers, back-up data, and or other form of data compilation, stored in any medium from which information can be obtained (including but not limited to magnetic tape, magnetic disk, CD-ROM, DVD, optical disk, flash drive or other electronic or mechanical storage device) or stored electronically, whether within a cloud service, electronic box, server, or otherwise, however produced, reproduced or stored, of every kind of description within the Company's possession, custody or control of any agent, employee, representative or other persons acting or purporting to act for or on behalf of the Company, including but not limited to notes; memoranda; records; reports; correspondence; telexes and faxes; agreements; contracts; accounting or financial records or worksheets; account books; journals; ledgers; bills; receipts; vouchers; transcripts or notes of conversations or meetings; minutes of meetings; statements; directives in any form from general partners or other representatives; diary entries; studies; summaries and records of conversations held via any method or medium or in-person, including but not limited to, interviews, meetings and conferences; tabulations; and shall include the original and all non-identical copies; all drafts even if not published, disseminated, or used for any purpose; all notes, schedules, footnotes, attachments, enclosures, and documents attached or referred to in any document to be produced pursuant to this subpoena.

"Email" or "Electronic Mail" shall mean any electronic communication made using computer communications software, whether through a local computer network or through the Internet, and whether maintained in electronic form and/or paper form. Email maintained in electronic form may be produced in electronic form.

"ERISA" shall mean the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq.

"Including" shall be construed to mean "without limitation."

"Plan" shall mean the David Stoller Law Practice 401(k) Plan, as well as every predecessor, successor, subsidiary, parent, affiliate, division, partner, employee, and agent thereof.

"Relating To" shall mean constituting, referring to, pertaining to, responding to, regarding, evidencing, explaining, discussing, depicting, analyzing, or containing any information which in any way concerns, affects, or describes the terms or conditions, or identifies facts, with respect to the subject of the inquiry.

"You," "Your," or the "Company" shall mean the David Stoller Law Practice and shall include any and all predecessor or successor organizations as well as any and all affiliates, subsidiaries, or entities which are related, or under common control or ownership.

## II.    INSTRUCTIONS

Scope of Search.  This subpoena calls for all documents in your possession, custody, or control. You are required to search for, obtain, and produce all responsive documents, including without limitation documents that are in your custody or control, but not in your immediate possession. This includes any responsive documents in the possession, custody, or control of any person acting on your behalf or under your direction or control, such as your employees, accountants, agents, representatives, attorneys, or advisors.

Relevant Time Period.  **Unless otherwise specified, the time period covered by this subpoena is from January 1, 2018 to the date of production.**  Documents created prior to 2018 which have been used or relied on since 2018 or which describe legal duties which remain in effect after 2018 (such as contracts and trust agreements), shall be considered as included within the time period covered by this subpoena.

Privileges and Protections.  If you do not produce documents because you object to part of or an aspect of a request, please provide a written response stating the precise basis for the objection and produce all documents responsive to the remaining part or aspect of the requests.

If any documents responsive to this subpoena are withheld because of a claim of privilege, identify the documents you claim are privileged in a written response, and indicate for each such document: 1) the nature of the privilege or protection claimed; 2) the factual basis for claiming the privilege or protection asserted; 3) the subject matter of the document; 4) the type, length, and date of the document; 5) the author of and/or signatory on the document; and 6) the identity of each person to whom the document was directed or distributed.

Proprietary and Confidential.  If you contend documents responsive to this subpoena are proprietary or confidential,  you should mark those documents  as such and produce  the documents. The Department of Labor follows procedures in accordance with the Freedom of Information Act (FOIA) and Executive Order 12600, which allows for the withholding of certain proprietary and confidential documents pursuant to the requirements of Exemption 4 of FOIA.

Electronically Stored Information.  If any document called for by this subpoena exists as, or can be

retrieved from, information stored in electronic or computerized form, then you are directed to produce the document in computerized form in one of the following formats: Microsoft Word (doc or docx), WordPerfect (wpd), Rich Text (rtf), Microsoft Outlook (pst), Microsoft Outlook Express (msg), Microsoft Excel (xls), Microsoft Access (mdb), or PDF. Files of the preceding types can be submitted in a ZIP compressed format. Sufficient information including sufficient identification of the applicable software program and passwords, if any, should be provided to permit access to and use of the documents. Images created through a scanning process should have a minimum resolution of 300 dots per inch (dpi).

Tenses. Verbs used in the past tense should be read also to include the present tense, and verbs used in the present tense should be read also to include the present tense as necessary to bring within the scope of this subpoena documents that might otherwise be construed to be outside its scope.

Singular/Plural. The singular number of a noun, pronoun, or verb should be read also to include the plural, and the plural number of a noun, pronoun, or verb should be read also to include the singular as necessary to bring within the scope of this subpoena documents that might otherwise be construed to be outside its scope.

Word Neutrality. All words and phrases shall be construed as masculine, feminine or gender neutral as necessary to bring within the scope of this subpoena documents that might otherwise be construed to be outside its scope.

Manner of Production. All documents produced in response to this subpoena shall comply with the following instructions:

1.    You should conduct your searches for responsive documents in a manner sufficient to identify the source and location where each responsive document is found.

2.    All documents produced in response to this subpoena shall be segregated and labeled to show the document request to which the documents are responsive and the source and location where the documents were found.

3.    To the extent that documents are found in file folders and other similar containers that have labels or other identifying information, whether electronic or otherwise, the documents shall be produced with such file folder and label information intact.

4.    To the extent that documents are found attached to other documents, by means of paper clips, staples, electronically, or other means of attachment, such documents shall be produced together in their condition when found.

5.    All documents provided in response to this subpoena are to include the marginalia and post-its, as well as any attachment referred to or incorporated by the documents.

6.    In the event that there are no documents responsive to a particular request, please specify that you have no responsive documents.

7.    If documents relied upon or required to respond to any of this subpoena, or requested documents, are no longer in your possession, custody, or control, you are required to state what disposition was made of such documents, including identification of the person(s) who are believed to be in possession or control of such documents; the date or dates on which such disposition was made, and the reason for such disposition.

Electronic Media.  To the extent that the documents that are responsive to this subpoena may exist on electronic media, those documents shall be provided on one of the following media: Compact Disk- Read Only Memory (CD-ROM), Digital Versatile Disc-Read Only Memory (DVD), or USB hard drive.

## III.    DOCUMENTS TO BE PRODUCED

1.    All documents relating to the operation and administration of the Plan, including Plan Documents, master-prototype documents, adoption agreements, trust documents, "adopting employer" agreements, and any restatements or amendments.

2.    All summary plan descriptions relating to the Plan, including any updates, restatements, and summaries of material modifications.

3.    All documents relating to contributions and loan repayments withheld from the paychecks of participants for remittance to the Plan, including:

   a.    Payroll withholding reports showing the aggregate paycheck deductions for participant contributions and loan repayments to the Plan;

   b.    Payroll records demonstrating that participant contributions, Company contributions, and loan repayments were remitted to the Plan, including cancelled checks, wire transfers, and confirmations of receipt; and

   c.    Communications relating to all failures to remit participant contributions, loan repayments, and Company contributions to the Plan, including communications relating to delinquent remittances to the Plan.

4.    Documents sufficient to identify the following information for each participant of the Plan:

   a.    name;

   b.    date of birth;

   c.    Social Security Number;

   d.    addresses;

   e.    email addresses; and

   f.    telephone numbers.

5.	Documents sufficient to identify the following information for each fiduciary of the Plan:

    a.	name;

    b.	date of birth;

    c.	addresses;

    d.	email addresses; and

    e.	telephone numbers.

6.	Documents sufficient to identify the following information for each service provider of the Plan:

    a.	name;

    b.	addresses;

    c.	email addresses; and

    d.	telephone numbers.

7.	All fee and service notices furnished to the fiduciaries of the Plan by the service providers to the Plan in accordance with ERISA § 408(b)(2) and 29 C.F.R. § 2550.408b-2.

8.	All statements furnished to participants of the Plan by the administrator of the Plan (or by a designated service provider) in accordance with ERISA § 404(c), 29 C.F.R. §§ 2550.404a-5 and 2550.404c-1.

9.	All documents relating to the investment of the Plan's assets, including investment policy statements and guidelines.

10.	Documents sufficient to identify all investments currently or formerly held by the Plan.

11.	Documents sufficient to identify all distributions made to participants from the Plan.

# EXHIBIT E

# USPS Tracking®

**Tracking Number:**

## 70223330000128089628

Copy        Add to Informed Delivery (https://informeddelivery.usps.com/)

### Latest Update

Your item was delivered to the front desk, reception area, or mail room at 1:44 pm on June 26, 2023 in ORLANDO, FL 32812.

---

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

### Delivered

**Delivered, Front Desk/Reception/Mail Room**

ORLANDO, FL 32812
June 26, 2023, 1:44 pm

**Departed USPS Regional Origin Facility**

ORLANDO FL DISTRIBUTION CENTER
June 25, 2023, 9:45 pm

**In Transit to Next Facility**

June 25, 2023

**Arrived at USPS Regional Origin Facility**

ORLANDO FL DISTRIBUTION CENTER
June 23, 2023, 10:32 am

**Arrived at USPS Regional Origin Facility**

MIAMI FL DISTRIBUTION CENTER
June 22, 2023, 9:34 pm

**Departed Post Office**

FORT LAUDERDALE, FL 33324

Feedback

June 22, 2023, 7:38 pm

**USPS picked up item**
FORT LAUDERDALE, FL 33324
June 22, 2023, 3:10 pm

**Hide Tracking History**

---

**Text & Email Updates**  ⌄

---

**USPS Tracking Plus®**  ⌄

---

**Product Information**  ⌄

See Less ⌃

Track Another Package

Enter tracking or barcode numbers

# Need More Help?

Contact USPS Tracking support for further assistance.

**FAQs**

# EXHIBIT F

| | |
|---|---|
| **From:** | Microsoft Outlook <MicrosoftExchange329e71ec88ae4615bbc36ab6ce41109e@DOL.GOV> |
| **To:** | david.stoller@davidstollerlaw.com |
| **Sent:** | Wednesday, June 21, 2023 4:59 PM |
| **Subject:** | Relayed: 42-010121-Subpoena-David Stoller.pdf |

**Delivery to these recipients or groups is complete, but no delivery notification was sent by the destination server:**

david.stoller@davidstollerlaw.com (david.stoller@davidstollerlaw.com)

Subject: 42-010121-Subpoena-David Stoller.pdf

# EXHIBIT G



**EMPLOYEE BENEFITS SECURITY ADMINISTRATION**
U.S. DEPARTMENT OF LABOR

Miami District Office
1000 Pine Island Road
Suite 100
Plantation, FL 33324
954-424-4022 (phone)
954-424-0548 (fax)

## Return of Service

I hereby certify that the original of the within subpoena was duly served on the person named herein.

(Check method used)

☒ in person

☐ by certified or registered mail

☐ other (specify)___ ___

☐ by leaving at principal office or place of business, to wit:

_____

_____

_____

*on* 9-13-2023    11 AM
**(Month, day, year)**

He's here every other Friday.

Ty Robertson
**(Name of person making service)**

Auditor
**(Official Title)**

Left with Gigi King
730 East Strawbridge Ave
Melbourne FL 32901

**MORGAN & BARBARY**
ATTORNEYS AND COUNSELORS AT LAW
A PROFESSIONAL ASSOCIATION

**GIGI KING**
OFFICE MANAGER

730 EAST STRAWBRIDGE AVENUE
SUITE 200
MELBOURNE, FLORIDA 32901

TELEPHONE (321) 951-3400
FACSIMILE (321) 956-8669
gigi@morganandbarbary.com

www.legalproblem.com

# EXHIBIT H

**EMPLOYEE BENEFITS SECURITY ADMINISTRATION**
U.S. DEPARTMENT OF LABOR

Miami District Office
1000 Pine Island Road
Suite 100
Plantation, FL 33324
954-424-4022 (phone)
954-424-0548 (fax)

## Return of Service

I hereby certify that the original of the within subpoena was duly served on the person named herein.

(Check method used)

☒ in person

☐ by certified or registered mail

☐ other (specify)___

☐ by leaving at principal office or place of business, to wit:



Se habla español

DAVID STOLLER
Attorney at Law

**DAVID STOLLER**
EXPERIENCED IMMIGRATION ATTORNEYS

Main Office
4445 S. Conway Rd.
Orlando, Florida 32812
Phone: 407-999-0088

Melbourne Office
730 E. Strawbridge Ave., Suite #202
Melbourne, Florida 32901
Fax: 407-382-9916

www.davidstollerlaw.com • david.stoller@davidstollerlaw.com

on  9-13-23
**(Month, day, year)**

Tyrone Robertson
**(Name of person making service)**

Auditor
**(Official Title)**

Maria Erazo
Maria Erazo 2:00pm

4445 S Conway Rd
Orlando, FL 32812

# EXHIBIT I

# LAWYER DIRECTORY

## Find a Lawyer



Bar #                                                                    ⊘

*Search by Bar number only produces results that are an exact match to the number provided.*

david                                                                    ⊘

stoller                                                                  ⊘

Law Firm                                                                 ⊘

City                                                              ⌄      ⊘

City Name                                                                ⊘

☐ Willing to provide Pro Bono services for crime victims ⊙
☐ Find names that sound like the entered names ⊙
☐ Eligible lawyers only ⊙
☐ Include deceased lawyers ⊙

More options

+ **Board Certifications** ⊙
+ **Practice Areas** ⊙
+ **Law Schools** ⊙
+ **Services Offered** ⊙
+ **Languages Spoken** ⊙

[ Search ]    [ Clear All ]                                          ▲



**David H Stoller**

**Bar #92797**

Eligible to Practice Law in Florida

David Stoller, PA
4445 Conway Rd
Orlando, FL 32812-8073

Office: **407-999-0088**
Cell: **407-999-0088**
Fax: 407-382-9916
**david.stoller@davidstollerlaw.com**
**Board Certifications:**
    Immigration and Nationality Law



**David Theodore Stoller**

**Bar #194985**

Not Eligible to Practice Law in Florida

142 State Route 34
Matawan, NJ 07747-2132

Office: **908-583-4040**
Cell: **908-583-4040**

Need legal help?

Take a look at our newly enhanced **Lawyer Referral Service site**.

▲

| | |
|---|---|
| JULIE A. SU, <br> Acting Secretary of Labor, <br> United States Department of Labor, <br><br> Petitioner, <br><br> v. <br><br> LAW OFFICES OF DAVID <br> STOLLER, PA, <br> Respondent. | MISC Case No. |

## DECLARATION OF SUPERVISORY INVESTIGATOR KIM LANGER

I, Kim A. Langer, pursuant to 28 U.S.C. § 1749, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1.  I am an employee of the Employee Benefits Security Administration ("EBSA"), where I work as a Supervisory Investigator for the Miami District Office (the "Miami DO"). I am over 18 years of age and have personal knowledge of all matters related herein.

2.  EBSA administers and enforces the provisions of Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), which establishes fiduciary and other standards governing the operation of employee benefit plans sponsored by private-sector employers. In carrying out its enforcement

responsibilities, EBSA conducts a wide range of activities, including civil and criminal investigations, to determine whether the provisions of ERISA have been violated.

3.      In October 2022, the Miami DO began investigating the 401k Plan sponsored by Law Offices of David Stoller, PA. (the "401k Plan"). The purpose of this investigation is to determine whether there has been a violation of any provision of Title I of ERISA, or any regulation or order issued thereunder related to the 401k Plan.

4.      I supervised Auditor Tyrone Robertson's investigation into this matter.

5.      On June 21, 2023, Mark Seidel, Acting Regional Director for the Atlanta Regional Office, issued an administrative subpoena *duces tecum* requiring Law Offices of David Stoller to appear and produce certain documents necessary to the Miami DO's investigation on or before July 7, 2023 (the "Subpoena").

6.      In September 2023, I directed Robertson and Investigator Melanie Margolies to drive to Law Offices of David Stoller's locations in Melbourne, Florida and Orlando, Florida to speak with Partner David Stoller ("Stoller") and confirm the business was still operational.

7.      Robertson and Margolies went to the Melbourne and Orlando locations on September 13, 2023. After they left the Orlando location, Stoller contacted the

Miami DO requesting to speak to a supervisor. I spoke with Stoller, who confirmed that he received all of EBSA's correspondence via mail and email.

8. To date, Law Offices of David Stoller has not produced any documents in response to the Subpoena.

9. The Subpoena sought documents regarding topics such as the 401k Plan's structure, administration, participants, finances, and transactions that were created or used from January 1, 2018, through the date of production.

10. The requested documents are necessary to determine whether there has been a violation of any provision of Title I of ERISA, or any regulation or order issued thereunder. EBSA regularly requests these and similar documents as part of its investigations to evaluate an employer's coverage under, and compliance with, the Act.

11. Without these documents, EBSA will be unable to discharge its statutory obligation to investigate this matter and determine whether a violation has occurred. These documents are necessary so that EBSA can move forward with its investigation.

*Kim A. Langer*

KIM A. LANGER
Supervisory Investigator

Dated:     March 12, 2024

| | |
|---|---|
| JULIE A. SU,<br>Acting Secretary of Labor,<br>United States Department of Labor,<br><br>                Petitioner,<br><br>      v.<br><br>LAW OFFICES OF DAVID<br>STOLLER, PA,<br>                  Respondent. | MISC Case No. |

## <u>DECLARATION OF ALESSANDRA T. PALAZZOLO</u>

I, Alessandra T. Palazzolo, pursuant to 28 U.S.C. § 1749, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1.    I am an employee of the Office of the Solicitor, United States Department of Labor, where I work as a Trial Attorney for the Atlanta Regional Office. I am over 18 years of age and have personal knowledge of all matters related herein.

2.    In February 2024, I was assigned to work on the above-captioned case which had been referred to my office by the Atlanta Regional Office of the Employee Benefits and Security Administration ("EBSA").

3.    As part of my work on the case, I prepared a letter to Respondent

Law Offices of David Stoller, PA and its partner, David Stoller. (Exhibit A – March 4, 2024 RSOL Letter).

4.    On March 4, 2024, I caused a true and correct copy of this letter to be sent to Mr. Stoller via certified mail and email, return receipt requested. The email address used is the same email address on his business card and the one listed for Mr. Stoller on the Florida Bar Association website. My office did not receive a bounce back email indicating that the email was incorrect or no longer in use.

5.    This letter requested that Mr. Stoller contact me within seven days of receipt to coordinate production of the documents subpoenaed by EBSA in its investigation of Respondent. The letter also advised that if my office did not receive the subpoenaed documents, we would likely need to seek judicial enforcement of the subpoena.

6.    To date, I have not received any response to this letter or any of the documents requested in the subpoena.

_____
ALESSANDRA T. PALAZZOLO
Trial Attorney

Dated: March 13, 2024

# EXHIBIT A

**U.S. Department of Labor**    Office of the Solicitor
61 Forsyth Street SW, Room 7T10
Atlanta, Georgia 30303



***VIA CERTIFIED MAIL AND ELECTRONIC MAIL***

March 4, 2024

David Stoller, Esq.
Law Offices of David Stoller, PA
4445 Conway Rd
Orlando, FL 32812-8073
david.stoller@davidstollerlaw.com

Re:    **Investigation of David Stoller Law Practice 401k Plan**
       EBSA Case No. 42-010121
       SOL Case No. 24-00188

Dear Mr. Stoller:

The Department of Labor's Employee Security Benefits Administration ("EBSA") has responsibility for the administration and enforcement of title I of the Employee Retirement Income Security Act ("ERISA"). As you are aware, EBSA has opened an investigation of the David Stoller Law Practice 401k Plan (the "401k Plan"). As part of its investigation, EBSA issued a subpoena to your business requiring the production of certain documents regarding the 401k Plan and its participants for the time period of January 1, 2018, to present. A copy of this subpoena is attached for your convenience.

Despite multiple communications and inquiries from EBSA Auditor Tyrone Robertson, Law Offices of David Stoller, PA has not produced a single responsive document. Because your business has failed to comply with the subpoena, EBSA has referred this file to the Solicitor's office to enforce the subpoena in federal district court. If you would like to avoid a federal action, please provide the subpoenaed documents to the Solicitor's office within seven (7) days from the date of this letter. You may contact the undersigned counsel, Alessandra T. Palazzolo, to arrange delivery of these documents.

**If we do not receive the subpoenaed documents from you within seven days, we will assume you do not intend to comply with the subpoena. Please govern yourself accordingly.**

Very truly yours,

Tremelle I. Howard
Regional Solicitor

By: */s/ Alessandra T. Palazzolo*
    Alessandra T. Palazzolo
    Trial Attorney
    palazzolo.alessandra.t@dol.gov
    (404) 302-3902

Enclosures

**U.S. Department of Labor**      Office of the Solicitor
61 Forsyth Street SW, Room 7T10
Atlanta, Georgia 30303



**Re:**     **<u>Investigation of David Stoller Law Practice 401k Plan</u>**
EBSA Case No. 42-010121
SOL Case No. 24-00188

<u>DESIGNATION OF REPRESENTATIVE</u>

  I hereby certify that _____, whose appearance is noted below, is
authorized to act as my representative in the above-captioned matter, to discuss all facts and information
related thereto; to negotiate settlement; and to accept service of pleadings and other legal process on my
behalf.

Name (Print): _____   Date: _____

Title: _____      _____
                 Signature

Employer/Organization: _____
Nature of Organization: _____
Address:    _____
       _____
Telephone:  ( )____ - _____   Ext._____

<u>NOTICE OF APPEARANCE</u>

  The undersigned hereby enters appearance as representative of
_____ in the above-captioned matter.

Name (Print): _____   Date: _____

Title: _____      _____
                 Signature

Employer/Organization: _____
Nature of Organization: _____
Address:    _____
       _____
Telephone:  ( )____ - _____   Ext._____

# SUBPOENA

# UNITED STATES OF AMERICA
## DEPARTMENT OF LABOR
### Employee Benefits Security Administration

To:     Custodian of Records
        David Stoller Law Practice
        4445 South Conway Road
        Orlando, FL 32812

You are hereby required to appear before Auditor Tyrone Robertson or District Supervisor Kim A. Langer of the Employee Benefits Security Administration, U.S. Department of Labor, at 1000 South Pine Island Road, Suite 100, Plantation, Florida 33324 on the 7th day of July of 2023, at 9:00 o'clock A.M. of that day, in the matter of an investigation of the **David Stoller Law Practice 401(k) Plan** being conducted pursuant to Section 504 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Section 1134, in order to determine whether any person has violated or is about to violate any provision of Title I of ERISA or any regulation or order thereunder;

And you are hereby required to bring with you and produce at said time and place the following books, papers, and documents:

**See Attached.**

Fail not at your peril.



In testimony whereof I have hereunto affixed my signature and the seal of the United States Department of Labor at Atlanta, Georgia this 26th day of May, 2023.

_____/s/_____

Mark Seidel, Acting Regional Director



**EMPLOYEE BENEFITS SECURITY ADMINISTRATION**
U.S. DEPARTMENT OF LABOR

Miami District Office
1000 S. Pine Island Road
Suite 100
Plantation, FL 33324
954-424-4022 (phone)
954-424-0548 (fax)

<u>**Via Certified Mail, Return Receipt Requested and Email**</u>

June 21, 2023

Custodian of Records
David Stoller Law Practice
4445 South Conway Road
Orlando, FL 32812

Attn:   David Stoller: david.stoller@davidstollerlaw.com

Re:   David Stoller Law Practice 40l(k) Plan
        EBSA Case No. 42-010121

Dear Custodian of Records:

This office is conducting an investigation of the David Stoller Law Practice 401(k) Plan pursuant to § 504(a)(l) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1134 (a)(l), to determine whether any person has violated or is about to violate any provision of Title I of ERISA. Enclosed is a subpoena which requires the production of certain documents and records in connection with that investigation.

Your personal appearance pursuant to this subpoena will not be required at this time provided the documents are produced on or before the date noted in the subpoena. You will be informed at a later date if your personal appearance to testify is required. Inasmuch as your appearance is not now being required, please provide a cover letter with your response which identifies the documents being produced. Your cover letter should also state whether a diligent search has been made for the subpoenaed documents and that the documents transmitted constitute all documents called for by the subpoena.

The subpoena requests that documents maintained in electronic form, Electronically Stored Information ("ESI"), be produced in electronic form. The formats in which we can accept ESI are listed in the subpoena. When producing ESI, the material should be produced as maintained on your computer system, i.e., ESI should be produced with all files, folders and sub-folders intact, and emails should be produced with all attachments intact.

If any documents called for are not furnished, please list such documents and indicate their location and the reason for their non-production.

This inquiry should not be construed as an indication that any violations of law have occurred or as a reflection upon any person involved in this matter.

The U.S. Department of Labor's Employee Benefits Security Administration (EBSA) administers and enforces Title I of the Employee Retirement Income Security Act. Learn more at dol.gov/agencies/ebsa.

If you have any questions concerning the subpoena or the documents required to be produced, including the production of ESI and the appropriate format and media, please contact Auditor Tyrone Robertson in the Miami District Office at robertson.tyrone.c@dol.gov or 954-640-1268.

Sincerely,

/s/

Mark Seidel
Acting Regional Director

Attachments

# I.    DEFINITIONS

**The following definitions shall apply throughout this subpoena, regardless of whether uppercase letters or lowercase letters are used:**

"And" and "Or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

"Communication" shall mean any oral, written, electronic or other exchange or transmission of information (in the form of facts, ideas, inquiries, opinions, analysis or otherwise), including correspondence, memos, reports, emails, electronic mail, electronic documents, telephone conversations, telephone or voicemail messages, face-to-face meetings or conversations, and Internet postings and discussions.

"Documents" shall mean all writings, recordings or electronic data consisting of letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, word processing, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording, still photographs, X-ray films, video tapes, motion pictures, electronic mail messages, voice mail messages, electronic instant messages, spreadsheets, databases, electronic calendars and contact managers, back-up data, and or other form of data compilation, stored in any medium from which information can be obtained (including but not limited to magnetic tape, magnetic disk, CD-ROM, DVD, optical disk, flash drive or other electronic or mechanical storage device) or stored electronically, whether within a cloud service, electronic box, server, or otherwise, however produced, reproduced or stored, of every kind of description within the Company's possession, custody or control of any agent, employee, representative or other persons acting or purporting to act for or on behalf of the Company, including but not limited to notes; memoranda; records; reports; correspondence; telexes and faxes; agreements; contracts; accounting or financial records or worksheets; account books; journals; ledgers; bills; receipts; vouchers; transcripts or notes of conversations or meetings; minutes of meetings; statements; directives in any form from general partners or other representatives; diary entries; studies; summaries and records of conversations held via any method or medium or in-person, including but not limited to, interviews, meetings and conferences; tabulations; and shall include the original and all non-identical copies; all drafts even if not published, disseminated, or used for any purpose; all notes, schedules, footnotes, attachments, enclosures, and documents attached or referred to in any document to be produced pursuant to this subpoena.

"Email" or "Electronic Mail" shall mean any electronic communication made using computer communications software, whether through a local computer network or through the Internet, and whether maintained in electronic form and/or paper form. Email maintained in electronic form may be produced in electronic form.

"ERISA" shall mean the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq.

"Including" shall be construed to mean "without limitation."

"Plan" shall mean the David Stoller Law Practice 401(k) Plan, as well as every predecessor, successor, subsidiary, parent, affiliate, division, partner, employee, and agent thereof.

"Relating To" shall mean constituting, referring to, pertaining to, responding to, regarding, evidencing, explaining, discussing, depicting, analyzing, or containing any information which in any way concerns, affects, or describes the terms or conditions, or identifies facts, with respect to the subject of the inquiry.

"You," "Your," or the "Company" shall mean the David Stoller Law Practice and shall include any and all predecessor or successor organizations as well as any and all affiliates, subsidiaries, or entities which are related, or under common control or ownership.

## II.    INSTRUCTIONS

Scope of Search. This subpoena calls for all documents in your possession, custody, or control. You are required to search for, obtain, and produce all responsive documents, including without limitation documents that are in your custody or control, but not in your immediate possession. This includes any responsive documents in the possession, custody, or control of any person acting on your behalf or under your direction or control, such as your employees, accountants, agents, representatives, attorneys, or advisors.

Relevant Time Period. **Unless otherwise specified, the time period covered by this subpoena is from January 1, 2018 to the date of production.** Documents created prior to 2018 which have been used or relied on since 2018 or which describe legal duties which remain in effect after 2018 (such as contracts and trust agreements), shall be considered as included within the time period covered by this subpoena.

Privileges and Protections. If you do not produce documents because you object to part of or an aspect of a request, please provide a written response stating the precise basis for the objection and produce all documents responsive to the remaining part or aspect of the requests.

If any documents responsive to this subpoena are withheld because of a claim of privilege, identify the documents you claim are privileged in a written response, and indicate for each such document: 1) the nature of the privilege or protection claimed; 2) the factual basis for claiming the privilege or protection asserted; 3) the subject matter of the document; 4) the type, length, and date of the document; 5) the author of and/or signatory on the document; and 6) the identity of each person to whom the document was directed or distributed.

Proprietary and Confidential. If you contend documents responsive to this subpoena are proprietary or confidential, you should mark those documents as such and produce the documents. The Department of Labor follows procedures in accordance with the Freedom of Information Act (FOIA) and Executive Order 12600, which allows for the withholding of certain proprietary and confidential documents pursuant to the requirements of Exemption 4 of FOIA.

Electronically Stored Information. If any document called for by this subpoena exists as, or can be

retrieved from, information stored in electronic or computerized form, then you are directed to produce the document in computerized form in one of the following formats: Microsoft Word (doc or docx), WordPerfect (wpd), Rich Text (rtf), Microsoft Outlook (pst), Microsoft Outlook Express (msg), Microsoft Excel (xls), Microsoft Access (mdb), or PDF. Files of the preceding types can be submitted in a ZIP compressed format. Sufficient information including sufficient identification of the applicable software program and passwords, if any, should be provided to permit access to and use of the documents. Images created through a scanning process should have a minimum resolution of 300 dots per inch (dpi).

<u>Tenses</u>. Verbs used in the past tense should be read also to include the present tense, and verbs used in the present tense should be read also to include the present tense as necessary to bring within the scope of this subpoena documents that might otherwise be construed to be outside its scope.

<u>Singular/Plural</u>. The singular number of a noun, pronoun, or verb should be read also to include the plural, and the plural number of a noun, pronoun, or verb should be read also to include the singular as necessary to bring within the scope of this subpoena documents that might otherwise be construed to be outside its scope.

<u>Word Neutrality</u>. All words and phrases shall be construed as masculine, feminine or gender neutral as necessary to bring within the scope of this subpoena documents that might otherwise be construed to be outside its scope.

<u>Manner of Production</u>. All documents produced in response to this subpoena shall comply with the following instructions:

1. You should conduct your searches for responsive documents in a manner sufficient to identify the source and location where each responsive document is found.

2. All documents produced in response to this subpoena shall be segregated and labeled to show the document request to which the documents are responsive and the source and location where the documents were found.

3. To the extent that documents are found in file folders and other similar containers that have labels or other identifying information, whether electronic or otherwise, the documents shall be produced with such file folder and label information intact.

4. To the extent that documents are found attached to other documents, by means of paper clips, staples, electronically, or other means of attachment, such documents shall be produced together in their condition when found.

5. All documents provided in response to this subpoena are to include the marginalia and post-its, as well as any attachment referred to or incorporated by the documents.

6. In the event that there are no documents responsive to a particular request, please specify that you have no responsive documents.

7.     If documents relied upon or required to respond to any of this subpoena, or requested documents, are no longer in your possession, custody, or control, you are required to state what disposition was made of such documents, including identification of the person(s) who are believed to be in possession or control of such documents; the date or dates on which such disposition was made, and the reason for such disposition.

Electronic Media.  To the extent that the documents that are responsive to this subpoena may exist on electronic media, those documents shall be provided on one of the following media: Compact Disk- Read Only Memory (CD-ROM), Digital Versatile Disc-Read Only Memory (DVD), or USB hard  drive.

## III.    DOCUMENTS TO BE PRODUCED

1.     All documents relating to the operation and administration of the Plan, including Plan Documents, master-prototype documents, adoption agreements, trust documents, "adopting employer" agreements, and any restatements or amendments.

2.     All summary plan descriptions relating to the Plan, including any updates, restatements, and summaries of material modifications.

3.     All documents relating to contributions and loan repayments withheld from the paychecks of participants for remittance to the Plan, including:

   a.     Payroll withholding reports showing the aggregate paycheck deductions for participant contributions and loan repayments to the Plan;

   b.     Payroll records demonstrating that participant contributions, Company contributions, and loan repayments were remitted to the Plan, including cancelled checks, wire transfers, and confirmations of receipt; and

   c.     Communications relating to all failures to remit participant contributions, loan repayments, and Company contributions to the Plan, including communications relating to delinquent remittances to the Plan.

4.     Documents sufficient to identify the following information for each participant of the Plan:

   a.     name;

   b.     date of birth;

   c.     Social Security Number;

   d.     addresses;

   e.     email addresses; and

   f.     telephone numbers.

5.   Documents sufficient to identify the following information for each fiduciary of the Plan:

   a.   name;

   b.   date of birth;

   c.   addresses;

   d.   email addresses; and

   e.   telephone numbers.

6.   Documents sufficient to identify the following information for each service provider of the Plan:

   a.   name;

   b.   addresses;

   c.   email addresses; and

   d.   telephone numbers.

7.   All fee and service notices furnished to the fiduciaries of the Plan by the service providers to the Plan in accordance with ERISA § 408(b)(2) and 29 C.F.R. § 2550.408b-2.

8.   All statements furnished to participants of the Plan by the administrator of the Plan (or by a designated service provider) in accordance with ERISA § 404(c), 29 C.F.R. §§ 2550.404a-5 and 2550.404c-1.

9.   All documents relating to the investment of the Plan's assets, including investment policy statements and guidelines.

10.   Documents sufficient to identify all investments currently or formerly held by the Plan.

11.   Documents sufficient to identify all distributions made to participants from the Plan.